**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| MD HAYNES INC. D/B/A/ CICI'S PIZZA #88 et al., individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Case No. _____ |
| VALERO TERMINALING AND DISTRIBUTION COMPANY; AND ERGON ASPHALT & EMULSIONS, INC.; VALERO MARKETING AND SUPPLY COMPANY; VALERO SOUTH TEXAS MARKETING COMPANY; VALERO BILL GREEHEY PLANT; VALERO REFINING-TEXAS, LP, | § § § § § § § § § | (Cause No. 2016-CCV-62787-1, County Court at Law No. 1, Nueces County, State of Texas) |
| Defendants. | § | |

**NOTICE OF REMOVAL**

Defendant Ergon Asphalt & Emulsions Inc. ("Ergon"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, respectfully files this Notice of Removal of the civil action filed by Plaintiffs MD Haynes, Inc. d/b/a CiCi's Pizza #88, et al. ("Plaintiffs"). Ergon removes this matter from the Court at Law No. 1, Nueces County, State of Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division. As grounds for this removal, Ergon states as follows:

## I.    PROCEDURAL HISTORY AND BACKGROUND

1.    On December 15, 2016, Plaintiffs commenced a class action against Ergon and multiple Valero defendants[1] by filing an Original Petition, Request for Temporary Restraining Order and Request for Disclosure ("Original Petition") in the County Court at Law No. 1 of Nueces County, State of Texas, in the matter styled *MD Haynes Inc. d/b/a/ CiCi's Pizza #88 (Ayers), M/M Haynes Inc. d/b/a/ CiCi's Pizza #120 (Airline), M&R Haynes, Inc., d/b/a CiCi's Pizza #136 (Calallen), individually and on behalf of all others similarly situated; Coiffures of Country Club, Inc. d/b/a Anthony's Aveda Concept Salon, individually and on behalf of all others similarly situated; and Paula Porter, individually and on behalf of all others similarly situated, v. Valero Terminaling and Distribution Company; and Ergon Asphalt & Emulsions, Inc.; Valero Marketing and Supply Company; Valero South Texas Marketing Company; Valero Bill Greehey Plant; Valero Refining-Texas, LP*, Case No. 53-2014-CV-00043. On December 16, 2016, Plaintiffs' Original Petition was served on Ergon. *See* Original Petition and Summons, attached as part of Exhibit B.

2.    Plaintiffs filed their Verified Third Amended Class Action Petition, Request for Temporary Restraining Order and Request for Disclosure on December 18, 2016 ("Amended Petition"). The Amended Petition is Plaintiffs' live pleading in this case, and is attached as part of Exhibit B.

3.    Plaintiffs' Amended Petition alleges that Defendants caused a backflow incident at the Valero plant in Corpus Christi, Texas which put a chemical named Indulin AA-86 into the municipal water supply. Ex. B. Third Am. Pet. ¶ 4.1. Plaintiffs further allege that they and

---

[1]    The Valero entities named as defendants are Valero Terminaling and Distribution Company, Valero Marketing and Supply Company, Valero South Texas Marketing Company, Valero Bill Greehey Plant, and Valero Refining-Texas, LP (collectively, the "Valero Defendants," and together with Ergon, "Defendants").

putative class members were forced to close or substantially limit their business operations given their inability to use the municipal water supply. *See id.* ¶¶ 4.1-4.5.

4.    Plaintiffs assert state law claims against Defendants for (1) negligence, (2) gross negligence, (3) negligence per se, (4) strict liability for ultra-hazardous activity, (5) public and private nuisance, and (6) trespass.[2]  *See id.* ¶¶ 5.1-5.27.  Plaintiffs have demanded a jury trial. *Id.* ¶ 12.1.

5.    Plaintiffs seek in their Amended Petition to represent a class and subclasses defined as:

> **Class:**
>
> All natural and artificial persons or entities served or otherwise dependent on water provided by the Corpus Christi municipal water supply, who were affected by Defendants' actions or omissions which resulted in the contamination of the water supply and consequent tap water usage ban, governed by Texas law.
>
> **Substitute Water Purchaser Subclass:**
>
> All natural or artificial persons or entities who had to purchase water from non-tap sources, including but not limited to, bottled water, as a result of Defendants' acts or omissions.
>
> **Lost Business Income Subclass:**
>
> All artificial persons and entities who lost business income as a result of Defendants' acts or omissions.
>
> **Lost Personal Income Subclass:**
>
> All natural persons who lost income or wages as a result of Defendants' acts or omissions
>
> **Economic Loss Subclass:**
>
> All natural or artificial persons or entities who suffered economic losses as a result of Defendants' acts or omissions.  This Economic

---

[2] Plaintiffs also sought and obtained an ex parte temporary restraining order ("TRO") against Defendants which expired on December 29, 2016.  A copy of the TRO is attached as part of Exhibit C.

Loss Subclass excludes those natural or artificial persons or entities who suffered business or personal income losses.

**Noneconomic Loss Subclass:**

All natural persons who Defendants' actions or omissions caused to suffer the inconvenience and nuisance of not being able to shower, wash clothes, wash dishes, or perform other cleaning operations, resulting in noneconomic losses, governed by Texas law.

*Id.* ¶ 1.7.

## II.    THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS CASE PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005

6.    This Court has original jurisdiction over this action based upon the allegations of the Amended Petition, because (i) it purports to be a class action, (ii) the matter in controversy exceeds the sum or value of five million dollars, exclusive of interest and costs, (iii) a member of the class of Plaintiffs is a citizen of a State different from Ergon, (iv) no defendants are states, state officials, or other governmental entities, and (v) the putative class exceeds one hundred members.   Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, 28 U.S.C. § 1332(d) (2012).

**A.    The amount in controversy exceeds five million dollars.**

7.    When removing a case to federal court, "a notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014).  For the reasons set forth below, the amount in controversy exceeds the sum or value of five million dollars, exclusive of interest and costs.

8.    In this case, it is readily apparent from the face of Plaintiffs' Amended Petition that the amount in controversy exceeds the sum or value of five million dollars, exclusive of interest and costs.  As required by Texas Rule of Civil Procedure 47, Plaintiffs have pled that

they seek "monetary relief in the aggregate of over $1,000,000.00." [3]   Ex. B, Third Am. Pet. ¶ 3.3.   Plaintiffs have also alleged that "the total number of Class Plaintiffs is at least in the thousands." *Id.* ¶ 1.9.   Plaintiffs' class includes "all natural and artificial persons served or otherwise dependent on water provided by the Corpus Christi municipal water supply." *Id.* ¶ 1.7.

9.   The City of Corpus Christi had an estimated population of approximately 324,000 persons in 2015.  U.S. Census Bureau, *2015 Population Estimates*, (2015).[4]   In addition, the Corpus Christi Water Department serves nearly 500,000 residents of Corpus Christi and the Coastal Bend region.   City of Corpus Christi Water Department, *Water Conservation Plan* 1 (2013).[5]   In addition the Water Department had an average of approximately 89,000 treated water connections in 2011.   *Id.* at 12.   Since Plaintiffs' proposed class encompasses all persons "served or otherwise dependent on" the Corpus Christi municipal water supply, the proposed class could easily number over 500,000 individuals.

10.   In addition to seeking recovery for economic and non-economic damages to individuals, Plaintiffs seek damages for lost business income for a subclass of businesses that is unquantified at this time, but based upon Plaintiffs' allegations could easily number in the thousands.  *See* Third Am. Pet. ¶ 1.7-1.9.

11.   Moreover, Plaintiffs seek the maximum amount of exemplary damages allowed by Texas law, *Id.* ¶ 9.1, which is "two times the amount of economic damages; plus an amount

---

[3]     Texas Rule of Civil Procedure 47 requires a party to state that the damages sought are within one of five specific categories.  Monetary relief over $1,000,000.00  is the highest category of damages a Plaintiff may allege according to Rule 47.  TEX. R. CIV. P. 47(c).

[4]     Available   at   https://factfinder.census.gov/faces/tableservices/jsf/pages/productview.xhtml?src=bkmk. Ergon requests that the Court take judicial notice of the estimated population of Corpus Christi according to U.S. Census Data pursuant to Federal Rule of Evidence 201.

[5]     Available at http://www.cctexas.com/Assets/Departments/Water/Files/WaterConservationPlan.pdf.  Ergon requests that the Court take judicial notice of the estimated population served by the Corpus Christi water department according to the referenced Corpus Christi Water Conservation Plan pursuant to Federal Rule of Evidence 201.

equal to any non-economic damages that the jury finds, not to exceed $750,000. TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(b) (West 2016).

12.    For these reasons, Ergon alleges the amount in controversy in this putative class action exceeds the sum or value of five million dollars, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2) (2012).

**B.    At least one member of the proposed class is a citizen of a different state from Ergon.**

13.    For purposes of establishing diversity under CAFA, this Court need only find that diversity of citizenship exists between any one putative class member and Defendant Ergon. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a) (2012).

14.    Ergon is a Mississippi corporation with its principal place of business located in Flowood, Mississippi. Ergon therefore is a citizen of Mississippi.

15.    Plaintiff MD Haynes, Inc. d/b/a CiCi's Pizza #88 (Ayers) is a citizen of the State of Texas, because it is a Texas Corporation with its principal place of business located in Corpus Christi, Texas. *See* Ex. B, Am. Pet. ¶ 2.1. All other Plaintiffs in the lawsuit are citizens of Texas. *See id.* ¶¶ 2.2-2.5.

16.    Since Ergon is a citizen of the State of Mississippi, and all Plaintiffs are citizens of the State of Texas, the minimal diversity requirement of CAFA is satisfied.[6] *See* 28. U.S.C. § 1332(d)(2)(A) (2012).

---

[6]    In one paragraph in their Amended Petition, Plaintiffs generically state the elements of the "local controversy" exception of CAFA. *See* Ex. B., Third Am. Pet. ¶ 1.6. However, the bare recitation of these elements falls well short of the high burden Plaintiffs must meet to divest the federal court of jurisdiction under this narrow exception. *See, e.g., Robertson v. Chevron USA Inc.*, 2016 WL 3667153 (E.D. Louisiana, Jul. 11, 2016) quoting *Opelousas General Hosp. Auth. v. FairPay Solutions Inc.*, 655 F.3d 358, 360 (5th Cir. 2011) ("To establish the local controversy exception applies, Plaintiffs have the burden of showing the four prongs are satisfied. '[T]he exception is intended to be narrow, with all doubts resolved in favor of exercising jurisdiction over the case.'").

**C.    There is no Defendant who is a governmental entity, and the putative class members exceed one hundred.**

17.    CAFA does not apply to any class action in which the primary defendants are States, State officials or other governmental entities or the number of members of the class is less than one hundred (100).  28 U.S.C. § 1332(d)(5) (2012).

18.    Ergon is not a State, a State official or other governmental entity.

19.    In addition, the potential class members, according to the Amended Petition exceed one hundred (100).  *See* Ex. B, Third Am. Pet. ¶ 1.9 (". . . Class Plaintiffs believe that the total number of Class Plaintiffs is at least in the thousands").

**III.    ERGON HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

20.    This Notice of Removal is timely because Plaintiffs served Ergon with their Original Petition on December 16, 2016, and therefore the thirty-day period for filing a notice of removal as required by 28 U.S.C. § 1446(b) has not yet run.

21.    The United States District Court for the Southern District of Texas, Corpus Christi Division, embraces the county in which the state court action is now pending.  Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 124(b)(6), 1441(a), and 1446(a).

22.    Ergon is filing written notice of this removal with the clerk of the state court in which the action is currently pending.  *See* 28 U.S.C. § 1446(d) (2012).  Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon Plaintiffs.  *Id.*

23.    Pursuant to Southern District of Texas Local Rule 81, this Notice of Removal is accompanied by the following:

        (i)    All executed process in the case (Exhibit A);

(ii)    Pleadings asserting causes of action, e.g., petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings (Exhibit B);

(iii)   All orders signed by the State Judge (Exhibit C);

(iv)    The docket sheet (Exhibit D);

(v)     An index of matters being filed (Exhibit E); and

(vi)    A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit F).

24.    Under CAFA, it is not necessary for Ergon to obtain consent of all defendants in order to remove this action. 28 U.S.C. § 1453(b) (2012). Nevertheless Ergon has obtained written consent to removal from all Valero Defendants, attached as Exhibit G. *See* 28. U.S.C. § 1441(a) (2012).

25.    Ergon submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs, without conceding that Plaintiffs have pled claims upon which relief may be granted, without admitting that Plaintiffs have standing, without admitting that class certification is proper, and without admitting that Plaintiffs and/or the putative class are entitled to any monetary or equitable relief whatsoever.

**WHEREFORE**, Ergon removes the above-captioned action from the County Court at Law No. 1, Nueces County, State of Texas, and requests that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

By: /s/ Russell Lewis
     Russell Lewis
     Texas Bar No. 24036968
     Federal ID No. 569523
     **BAKER BOTTS L.L.P.**
     910 Louisiana Street
     Houston, Texas 77002
     713.229.1234
     713.229.1522 (Fax)
     russell.lewis@bakerbotts.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT ERGON ASPHALT & EMULSIONS**

OF COUNSEL:

J. Scott Janoe
Texas Bar No. 24012897
Federal ID No. 27577
Louis E. Layrisson, III
Texas Bar No. 24067722
Federal ID No. 1138417
**BAKER BOTTS L.L.P.**
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
713.229.1234
713.229.1522 (Fax)
scott.janoe@bakerbotts.com
louie.layrisson@bakerbotts.com

*-and-*

R. Clay Hoblit
Texas Bar No. 09743100
Federal ID No. 7591
Michael D. Hudlow, Jr.
Texas Bar No. 24007403
Federal ID No. 34793
**HOBLIT DARLING RALLS**
**HERNANDEZ & HUDLOW L.L.P**
802 N. Carancahua
2000 Frost Bank Plaza
Corpus Christi, Texas 78401-0037
361.888.9392
361.888.9187 (Fax)
choblit@hdr-law.com
mhudlow@hdr-law.com

hdrccservice@hdr-law.com
*service by e-mail to this address only

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served this 10th day of January, 2017, with a copy of this document via the Court's CM/ECF system per Local Rule LR 5.1.

/s/ Russell Lewis
Russell Lewis