IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MD HAYNES, INC.; dba CICI'S PIZZA #88 (AYERS), *et al*, | § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL NO. 2:17-CV-6 |
| | § | |
| VALERO MARKETING AND SUPPLY CO., *et al*, | § § § | |
| | § | |
| Defendants. | § | |

# ORDER

The Court is in receipt of Plaintiff's motion to remand, Dkt. No. 6; Plaintiffs' motion for leave to conduct jurisdictional discovery, Dkt. No. 14; Defendant Ergon Asphalt & Emulsions, Inc.'s motion for leave to file objections to Plaintiffs' remand evidence, Dkt. No. 15; and Plaintiffs' opposed motion to dismiss their claims pursuant to Federal Rule of Civil Procedure 41(a)(2), Dkt. No. 19.

## I. Background

This is a putative class action arising out of a water contamination event in the City of Corpus Christi, Texas that resulted in a four-day ban on the use of municipal tap water (the "Contamination Event"). *See* Dkt. No. 1-3 at 2-36 [hereinafter "Pl.'s Third Am. Pet."]. On December 15, 2016, Plaintiffs, a group of Corpus Christi individuals and businesses, filed suit in Court at Law No. 1 in Nueces County, Texas against Defendants Ergon Asphalt & Emulsions, Inc. ("Ergon") and a number of affiliated Valero entities[1] ("Valero," and collectively with Ergon, "Defendants"), alleging that their negligent conduct caused the Contamination Event, and seeking a temporary restraining order and damages. *See*

---

[1] These entities are: Valero Terminaling and Distribution Company, Valero Marketing and Supply Company, Valero South Texas Marketing Company, Valero Bill Greehey Plant, and Valero Refining-Texas, L.P. Dkt. No. 14 at 2, n.1.

*id.* Specifically, Plaintiffs allege that Defendants caused an incident "at the Valero plant in Corpus Christi, Texas . . . which put an asphalt emulsifier pollutant, called Indulin AA-86, into the water supply." *Id.* at ¶ 4.5. They assert state law claims against Defendants for negligence, gross negligence, negligence per se, strict liability for ultra-hazardous activity, public and private nuisance, and trespass. *See id.* And they seek to file their claims "on behalf of the natural or artificial persons or entities served or otherwise dependent on water provided by the Corpus Christi municipal water supply who were affected by Defendants' actions or omissions which resulted in the contamination of the water supply and consequent tap water usage ban, governed by Texas law." *Id.* at ¶ 1.7.

On January 10, 2017, Ergon filed a notice of removal in this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, citing 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"), as the basis for removal providing this Court with subject matter jurisdiction. *See* Dkt. No. 1. Valero consented to this removal.[2] *See* Dkt. No. 4. Ergon alleges that the Court has original jurisdiction over Plaintiffs' petition under CAFA on the basis that: "(i) it purports to be a class action, (ii) the matter in controversy exceeds the sum or value of five million dollars, exclusive of interests and costs, (iii) a member of the class of Plaintiffs is a citizen of a State different from Ergon, (iv) no defendants are states, state officials, or government entities, and (v) the putative class exceeds one hundred members." *Id.* at 4. Plaintiffs filed a motion to remand on January 12, 2017. Dkt. No. 6. They do not dispute that their petition satisfies the CAFA requirements articulated by Ergon. *See id.* They do, however, plead that "this case falls squarely within CAFA's local controversy exception," and therefore should be remanded to state court. *Id.* at 3. Ergon filed a response to this motion on February 1, 2017, Dkt. No. 12, to which Plaintiffs filed a reply on February 15, 2017, Dkt. No. 14. Plaintiffs' reply included a motion for leave to conduct jurisdictional discovery, including the deposition of

---

[2] This consent was not necessary to establish this Court's jurisdiction under CAFA, however. *See Werner v. KPMG LLP*, 415 F.Supp.2d 688, 694 (S.D.Tex. 2006) ("Cases subject to CAFA may be removed by a single defendant, eliminating the rule that all defendants must consent to removal.")

Valero executives, "to demonstrate the role the Valero Defendants played in causing Plaintiffs' injuries." *Id*. at 8.

On February 23, 2017 Ergon filed an opposed motion for leave to file objections to evidence submitted by Plaintiffs in support of their motion to remand, as well as an objection to Plaintiffs' request to conduct jurisdictional discovery. Dkt. Nos. 15, 16. On March 3, 2017, Valero filed its own opposition to Plaintiffs' request for jurisdictional discovery, arguing that the Court can rule on its jurisdiction under CAFA on the pleadings as they stand, and that it would be costly and prejudicial to Defendants to allow Plaintiffs' request for "premature and out-of-order discovery" on the merits of their claims. *See* Dkt. No. 17. Plaintiffs responded to these objections on March 13, 2017. Dkt. No. 18. On this same day, Plaintiffs also filed an opposed motion to dismiss their claims pursuant to Federal Rule of Civil Procedure 41(a)(2), which seeks to offer the Court another procedural avenue for remanding Plaintiffs' claims to state court. *See* Dkt. No. 19 at 5 ("This case belongs in state court, particularly now that an MDL has been formed.") Ergon filed a response to this motion on March 31, 2017, characterizing it as an "attempt at forum shopping" that "undermines CAFA's policy purposes." Dkt. No. 23 at 2. Plaintiffs replied to this response on April 3, 2017, arguing that they do not contest CAFA jurisdiction, and that nothing is procedurally improper with their request that the Court either remand their claims according to CAFA's "local controversy" exception or dismiss their claims pursuant to Rule 41(a)(2). *See* Dkt. No. 24.

**II. Legal Standard**

CAFA grants the federal courts original jurisdiction to hear interstate class actions where they involve a proposed class of more than 100 members, "involve an aggregate amount in controversy of at least $5 million and present at least minimal diversity of parties." *In re Katrina Canal Litigation Breaches*, 524 F.3d 700, 706 (5th Cir. 2008); 28 U.S.C. §1332(d). Even where CAFA jurisdiction exists, however, a district court can decline jurisdiction pursuant to various exceptions. These exceptions are "designed to draw a delicate balance between making a federal forum

available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state." *Preston v. Tenet Healthsystem Memorial Med. Center*, 485 F.3d 793, 803 (5th Cir. 2007). CAFA's "local controversy" exception is established at 28 U.S.C. §1332(d)(4)(A), and states that "the district court 'shall decline to exercise jurisdiction' if, *inter alia*, the alleged conduct of at least one local defendant 'from whom significant relief is sought' 'forms a significant basis for the claims asserted by the proposed plaintiff class.'"[3] *Cedar Lodge Plantation v. CSHV Fairway View I*, 768 F.3d 425, 426 (5th Cir. 2014) (citing §1332(d)(4)(A)(i)).

Under CAFA, as with removal jurisdiction generally, a removing defendant has the burden of establishing that removal was proper. *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009). Yet once CAFA jurisdiction is established, the movant seeking to apply CAFA's local controversy exception bears the burden of establishing its applicability, and "the exception is intended to be narrow." *Opelousas General Hosp. Authority v. FairPay Solutions, Inc.*, 655 F.3d 358, 360 (5th Cir. 2011). The Fifth Circuit recently described the movant's burden thus: "If the applicability of an exception is not shown with reasonable certainty, federal jurisdiction should be retained." *Arbuckle Mountain Ranch of Texas, Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 338 (5th Cir. 2016). Further, any "lingering doubts" in a court's jurisdictional analysis should be resolved "in favor of exercising federal jurisdiction where an exception to jurisdiction is asserted." *Id.* at 342.

### III. Analysis

Here, the parties do not dispute that this case meets the threshold requirements for establishing federal jurisdiction under CAFA. Neither do they dispute the majority of the elements Plaintiffs must meet to satisfy the "local controversy" exception to CAFA jurisdiction. Instead, Ergon urges the Court to deny Plaintiffs' motion to remand solely on the basis of its allegation that Plaintiffs "have failed to allege specific facts regarding the conduct of any local defendant." Dkt. No.

---

[3] The parties do not dispute the other criteria of the "local controversy" exception not listed here.

12 at 8. Specifically, Ergon argues that Plaintiffs do not distinguish between the conduct of various defendants in their live complaint, and also fail to allege specific facts "regarding the conduct of a particular local defendant." *Id.* at 8, 9. Plaintiffs reply that the allegations in their complaint satisfy Texas's notice pleading standard, and that "the live pleadings" and "extrinsic, publicly available evidence" in this case "show that the defendants each had a role in the [Contamination Event]." Dkt. No. 14 at 3-4, 5. Ergon counters, in objections that effectively constitute a sur-reply, that the Court should not consider extrinsic evidence submitted by Plaintiffs. Dkt. No. 16. Plaintiffs respond that no binding precedent precludes the Court's consideration of extrinsic evidence in making its determination as to the applicability of CAFA's "local controversy" exception. *See* Dkt. No. 18.

As to the merits of Plaintiffs' motion to remand, the only element of the "local controversy" exception at issue between the parties is § 1332(d)(4)(A)(i)(II)(bb), which demands that the alleged conduct of at least one local defendant form a "significant basis of all the claims asserted." *See Opelousas*, 655 F.3d at 361 (quoting *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 156 (3d Cir. 2009)). Plaintiffs have sued five Valero defendants, at least two of whom the parties agree are proper defendants and Texas citizens, and Ergon, a Mississippi defendant. *See* Dkt. No. 6 at 9; Dkt. No. 12 at 8. If the alleged conduct of at least one proper Valero defendant with Texas citizenship "forms a significant basis for the claims asserted by the proposed plaintiff class," Plaintiffs have satisfied their burden to show that the "local controversy" exception to CAFA applies. *See* § 1332(d)(4)(A)(i)(II)(bb).

In their live complaint, Plaintiffs allege that "[b]ased on information and belief, Defendants' conduct caused the 'backflow incident' at the Valero plant in Corpus Christi, Texas which put an asphalt emulsifier pollutant, called Indulin AA-86 into the water supply." Pl.'s Third Am. Pet. at ¶ 4.5. This allegation underlies Plaintiffs' claims of negligence, gross negligence, negligence per se, strict liability for ultra-hazardous activity, public and private nuisance, and trespass against Defendants. *See id.* Yet Plaintiffs do not distinguish between the conduct of

individual Valero defendants and Ergon in making their claims, and Ergon argues that Plaintiffs' 'global' references to Defendants' collective conduct constitutes deficient pleading. *See* Dkt. No. 12. Specifically, Ergon argues that Plaintiffs are bound by CAFA to have alleged in their initial complaint "specific facts regarding the conduct of a particular local defendant," and that the sufficiency of their complaint must be assessed by the pleading standard expounded in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Dkt. No. 12 at 10, 13.

As to Ergon's procedural argument, Plaintiffs filed their complaint in compliance with the notice pleading standard required by Texas Rule of Civil Procedure 47(a), not according to the dictates of the federal rules. *See* Tex. R. Civ. P. 47(a) ("An original pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third party claim, shall contain: (a) a short statement of the cause of action sufficient to give fair notice of the claim involved[.]"). While the Fifth Circuit has applied the federal 12(b)(6) standard to judge the sufficiency of complaints in certain remand contexts, *see, e.g., Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 205 (5th Cir. 2016) (applying the standard to the assessment of improper joinder of parties), the Court is not aware of precedent requiring application of this standard in assessing the applicability of CAFA's "local controversy" exception. To be sure, "the application of the local controversy exception depends on the pleadings at the time the class action is removed." *Cedar Lodge*, 768 F.3d at 426. Yet this requirement does not equate to a mandate that federal courts apply federal procedure in their interpretation of state-court pleadings. *See Arbuckle*, 810 F.3d 335, 343 (Elrod, J., dissenting in part) (citing *Braud v. Transport Serv. Co. of Ill.*, 445 F.3d 801, 803 (5th Cir. 2006)). Additionally, the Court is empowered to conduct a "review of the entire pleading when assessing CAFA jurisdiction." *Id.*, 810 F.3d at 341.

Further, Plaintiffs' live complaint details a series of allegations relating to the operation of the Valero plant, and satisfies their burden to show that Valero's conduct "forms a significant basis for the[ir] claims" under § 1332(d)(4)(A)(i)(II)(bb) irrespective of any extrinsic evidence. Defendants rely heavily on one Fifth Circuit

case, *Opelousas*, in urging the Court to find otherwise. In *Opelousas*, the Fifth Circuit considered the appeal of a district court's decision to remand a case to Louisiana state court under § 1332(d)(4)(A)(i)(II)(bb). *See id.*, 655 F.3d 358. Ultimately, the court vacated remand of the case based on an assessment that the plaintiff had failed to demonstrate the conduct of its "sole local defendant" formed "a significant basis of the claims of the potential class."[4] *Id.* at 359. Yet the Fifth Circuit was unsatisfied with the allegations in the *Opelousas* plaintiff's complaint because the complaint alleged "a racketeering activity [under Louisiana statute] requiring the joint efforts of all of the defendants," without making an effort to "distinguish[] the conduct of [the only local defendant] from the conduct of the other defendants." *Id.* at 362. Here, by contrast, Ergon is the only non-local entity among multiple potential local Defendants, and Plaintiffs' live complaint identifies "the Valero plant," located in Corpus Christi, Texas, as the source of the Contamination Event.

While Plaintiffs do not explicitly distinguish the conduct of individual Defendants in their complaint, unlike the plaintiff in *Opelousas* they have no obligation to show any joint activity to support their claims. *See id.*, 655 F.3d at 362 ("Other than conclusory arguments, [plaintiff] presents nothing to support any direct contact or communication between the defendants as a group to support its claim of an illegal racketeering enterprise . . . and the evidence submitted by the defendants tends to show that no enterprise exists.") Thus, while the Fifth Circuit admonished the *Opelousas* plaintiff that it could not "rely on its claims of a racketeering enterprise to fill in gaps of proof it [wa]s required to provide" to justify remand, *see id.*, 655 F.3d at 363, here Plaintiffs attempt no such maneuver. Instead, Plaintiffs directly identify the Valero plant as the site of the Contamination Event,

---

[4] The Fifth Circuit found that this outcome was justified whether it "limit[ed] [its] inquiry to the allegations of the complaint or examine[d] the evidence before the district court"—while declining to affirmatively rule on the propriety of considering extrinsic evidence, as the issue had not been briefed before the trial court. *Id.* at 361. Whether courts may consider extrinsic evidence in the CAFA context has not been explicitly addressed by the Fifth Circuit.

and plead that Defendants' negligent conduct in operation of the plant renders them liable on a number of common law claims. Pl.'s Third Am. Pet. at ¶ 4.5.

Valero admitted in its answer to Plaintiffs' operative complaint that "the premises where the alleged incident occurred" is "Valero's Corpus Christi asphalt terminal," and that this terminal is both "owned" and "operated" by Valero defendant entities whose status as proper parties in this litigation is undisputed. Dkt. No. 1-3 at 67-71, Valero's Orig. Ans. at ¶ III. Meanwhile, Plaintiffs' complaint pleads that Defendants were negligent for their conduct in "[o]perating the Plant"—which is specifically defined in their complaint as the "Valero plant"—and details a series of related allegations that implicate Valero, as the owner and operator of the terminal. Pl.'s Third Am. Pet. at ¶ 5.2. For instance, Plaintiffs allege, among other conduct, that Defendants caused their injuries as a result of: "Operating the Plant with institutional ignorance of or defiance to a culture of safety and accountability"; "Operating the Plant without appropriate and trained staffing and supervision of plant units"; "Failing to maintain a reliable system and/or device at the Plant to prevent the release or to warn of the release of toxic and poisonous chemicals"; and "Failing to warn residents of the affected community after it was known that dangerous and toxic chemicals were being released into the water supply." *Id.*

Again, to satisfy the only element of CAFA's "local controversy" exception in dispute here, Plaintiffs must allege that at least one local Valero defendant's conduct "forms a significant basis" of their negligence and other common law claims. In alleging that the Contamination Event occurred at the Valero plant in Corpus Christi, and was caused by Valero's negligent conduct, they have done this. Accordingly, while the CAFA "local controversy" exception is a narrow one, Plaintiffs have demonstrated with reasonable certainty that it should prevent this Court from exercising jurisdiction over their claims. The Court **GRANTS** Plaintiffs' motion to remand.

Additionally, as the Court's analysis of this motion does not rely on extrinsic evidence provided by Plaintiffs, the Court **STRIKES AS MOOT** Ergon's motion for leave to file objections to Plaintiffs' reply, and **STRIKES AS MOOT** Plaintiffs'

motion for leave to conduct jurisdictional discovery, made pursuant to their reply brief in support of their motion to remand. The Court further **STRIKES AS MOOT** Plaintiffs' opposed motion to dismiss pursuant to Rule 41(a)(2).

## IV. Conclusion

For the foregoing reasons, the Court:

- **GRANTS** Plaintiffs' Motion to Remand, Dkt. No. 6;
- **STRIKES AS MOOT** Plaintiffs' motion for leave to conduct jurisdictional discovery, Dkt. No. 14;
- **STRIKES AS MOOT** Ergon's Opposed Motion for Leave to File Objections to Plaintiffs' Extrinsic Evidence and Plaintiffs' request to Conduct Jurisdictional Discovery, Dkt. No. 15; and
- **STRIKES AS MOOT** Plaintiffs' Opposed Motion to Dismiss, Dkt. No. 19.

This case is hereby **REMANDED** to the County Court at Law Number 1, in Nueces County, Texas.

It is so ORDERED.

SIGNED this 19th day of April, 2017.

_____
Hilda Tagle
Senior United States District Judge